# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL J. LAWRENCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-10-462-M |
| ) | |
| JAMES RUDEK, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, initiated this action by filing a "Petition to Vacate the Judgment," requesting that this Court vacate a judgment and sentence entered by the Atoka County District Court in Case No. CRF-88-49. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner was ordered to cure certain deficiencies on or before May 30, 2010. Order [Doc. No. 5]. Because Petitioner has failed to comply with the order of this Court and because this Court is without jurisdiction to consider his second habeas petition challenging the conviction which he is currently serving, the undersigned recommends that his action be dismissed without prejudice.

Petitioner purports to bring his action pursuant to Fed. R. Civ. P. 60(b)(4), which rule provides for relief from a final judgment, order or proceedings if the judgment is void. However, as noted in this Court's order [Doc. No. 5, n. 1], Rule 60(b) only applies to judgments entered by a United States district court. *See* Fed. R. Civ. P. 1. Therefore, the

undersigned advised Petitioner that his action, which clearly attempts to challenge the validity of a state court conviction and sentence, must be brought pursuant to 28 U.S.C. § 2254, on a form available from the Clerk of the Court. Order [Doc. No. 5]. The Court further advised Petitioner that, pursuant to 28 U.S.C. §§ 1914, 1915 (a)(1) and Local Civil Rule 3.2, in order for his action to proceed, he must either pay the $5.00 filing fee or be granted leave to proceed without prepayment of the fee, neither of which he had done. *Id.* Petitioner was ordered to cure such deficiencies by May 30, 2010, and he was advised that failure to do so could result in the dismissal of his action. *Id.*

Rather than timely comply with the requirements of the Court's order, Petitioner filed a Petition for an Extraordinary Writ with the United States Court of Appeals for the Tenth Circuit, naming the undersigned as respondent and contending that filing fees are not authorized by Fed. R. Civ. P. 60(b)(4).[1] Petitioner's failure to comply with the Court's Order together with the Court's authority to manage and control its caseload warrant the dismissal of the pending action without prejudice. *United States ex. rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). *See Soken v. Estep*, 270 Fed. Appx. 734, 735-36 (10th Cir. Mar. 21, 2008) ("A district court possesses broad discretion in

---

[1]Because the Order to Cure, which Petitioner attempted to "appeal," was not a final appealable order, the petition for writ filed by Petitioner was frivolous and thus, such "appeal" did not preclude this Court's exercise of jurisdiction over this matter. *See Kamplain v. Curry County Board of Comm'rs,* 159 F.3d 1248, 1250 (10th Cir. 1998). In any event, the writ was dismissed by the Tenth Circuit on June 24, 2010. [Doc. No. 7].

determining whether to dismiss a petition without prejudice for failing to comply with court orders.).

Moreover, this action is also subject to dismissal for the following reasons. First, it is clear from the records of the Oklahoma Department of Corrections (DOC) that Petitioner is no longer in custody on the conviction he challenges, Case No. CRF-88-49 in the District Court of Atoka County.[2] *See* Oklahoma Department of Corrections, at http://<www.doc.state.ok.us/ (Offender Lookup, Michael J. Lawrence, DOC# 145666) (accessed June 29, 2010). According to DOC records, Petitioner is currently in custody, serving a 1994 conviction for attempted subordination of perjury after two or more prior felony convictions in the District Court of Oklahoma County, Case No. CF-93-4619.[3] *Id.* Thus, to the extent Petitioner attempts to challenge the Atoka County conviction, he fails to meet the "in custody" requirement of 28 U.S.C. § 2254(a). *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*) (finding language of § 2254(a) requires that habeas petitioner be "in custody" under the conviction or sentence under attack at the time petition

---

[2] According to DOC records, the conviction in the Atoka County case was for escape from state penitentiary for which Petitioner was sentenced in July of 1989 to two years probation, which ended in July of 1991. *See* Oklahoma Department of Corrections, at http://<www.doc.state.ok.us/ (Offender Lookup, Michael J. Lawrence, DOC# 145666) (accessed June 29, 2010).

[3] Petitioner has completed service of two twenty year sentences in Case No. 93-4619 - one for possessing a firearm after prior convictions of three or more felonies and another for attempted subornation of perjury after former conviction of two or more felonies. Following completion of his current twenty year sentence, he will serve a final twenty year sentence, all pursuant to the judgment and conviction in Oklahoma County District Court Case No. CF-93-4619. *See* Oklahoma Department of Corrections, at http://<www.doc.state.ok.us/ (Offender Lookup, Michael J. Lawrence, DOC# 145666) (accessed June 29, 2010).

3

is filed).

Because Petitioner alleges in his petition that his sentence in the Atoka County case was used to "enhance punishment without being informed it could be used in a subsequent conviction to enhance punishment, also without being afforded with effective assistance of counsel during the 10 day period to withdraw his plea . . . [,]" Petition to Vacate the Judgment [Doc. No. 1], the petition could be liberally construed as an attack on the sentence he is now serving in Case No. CF-93-4619, as enhanced by the allegedly unconstitutional Atoka County conviction. However, taking judicial notice of this Court's own records, the undersigned finds that Petitioner has previously sought habeas relief concerning his convictions in Case No. CF-93-4619, which action was denied on the merits. *Michael James Lawrence v. Edwards Evans, Warden,* Case No. CIV-96-963-M (W.D.Okla. October 29, 1996) (Order and Judgment, United States District Judge Vicki Miles-LaGrange). The Tenth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed the appeal. *Lawrence v. Evans*, No. 96-6396, 1997 WL 579191 (10th Cir. Sept.18, 1997) (unpublished op.). A subsequent habeas petition challenging the same convictions was denied as untimely. *Lawrence v. Addison*, Case No. CIV-05-273-M (W.D. Okla. Apr. 26, 2005)(Order and Judgment, United States District Judge Vicki Miles-LaGrange). On appeal, the Circuit Court vacated this Court's order and judgment, finding that the petition constituted a second or successive habeas petition for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA) and absent prior authorization from the Circuit Court to file the action, this Court lacked subject matter jurisdiction. *Id.* [Doc. No. 15]. The Circuit

Court also denied Petitioner's implied application for authorization to file a second and successive § 2254 petition. *Id.*

Petitioner fails to demonstrate that he has obtained the prior authorization required by 28 U.S.C. §2244(b)(3)(A) to raise yet another challenge to his convictions in Case No. CF-93-4619. Therefore, construction of this petition as an attack on Petitioner's 1993 conviction would not be reasonable, as the petition would likewise be considered a second or successive petition, which, considering Petitioner's procedural history, would likely be dismissed by this Court for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (holding the district court may transfer unauthorized second or successive petitions to the Tenth Circuit for prior authorization if it is in the interest of justice to do so under 28 U.S.C. § 1631, or the court may dismiss the petition for lack of jurisdiction).

In summary, this Court lacks jurisdiction to consider the instant petition which on its face attacks Petitioner's conviction in Case No. CRF-88-49, District Court of Atoka County, because Petitioner is no longer "in custody" with regard to this two-year sentence of probation. Moreover, for the reasons discussed above, it would not be reasonable to construe the petition as challenging the conviction Petitioner is currently serving, Case No. CRF-93-4619. Accordingly, the petition is subject to summary dismissal for lack of jurisdiction.

## **RECOMMENDATION**

For these reasons, it is recommended that the Petition to Vacate the Judgment be DISMISSED without prejudice due to Plaintiff's failure to comply with the Court's orders

and for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 20, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to object timely to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of June, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE